**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Pete Anthony Valenzuela,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>                    Respondents. | No. CV-15-01895-PHX-ROS<br><br>**ORDER** |

Petitioner Pete Anthony Valenzuela filed a *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2254, raising three claims. (Doc. 1). Magistrate Judge John Z. Boyle filed a Report and Recommendation ("R & R") that the petition be dismissed with prejudice. (Doc. 9). Valenzuela filed a timely objection. (Doc. 11). The Court will adopt the R & R with comments.

**BACKGROUND**

Valenzuela was charged with two counts of Burglary in the Second Degree. (Doc. 7-1, Exh. B at 8). He pled guilty to one count. (Doc. 7-1, Exh. C at 11). His *pro se* post-conviction relief ("PCR") petition was denied on December 12, 2014[1], and the Arizona Court of Appeals dismissed his petition for review, filed January 27, 2015, as untimely. (Doc. 14 at 2). He then filed the present habeas petition, raising three claims:

 1.  The charges in the indictment were multiplicitous.

---

[1] The order itself is dated December 12, 2014, but is stamped filed December 15, 2014. This discrepancy does not affect the Court of Appeals' timeliness ruling, since the applicable rule gives 30 days to file a petition for review. Ariz. R. Crim. P. 32.9(c).

      2.       Warrantless search and seizure of his vehicle.

      3.       Ineffective assistance of counsel in the forms of:

              a) failing to contest the indictment,

              b) failing to challenge the stop and arrest,

              c) refusing to take his case to trial.

(Doc. 1 at 6-8). The R & R recommends finding Valenzuela, by pleading guilty, waived the first two claims, as well as the first two bases for the third claim. (Doc. 9 at 6-7). In his objection, Valenzuela argues a guilty plea does not void prior constitutional violations in the criminal process. (Doc. 11 at 4).

The R & R construed the claim of ineffective assistance of counsel for refusing to take his case to trial as a claim that Valenzuela's plea was involuntary. (Doc. 9 at 7-8). It recommended holding the claim is procedurally defaulted because it was not fairly presented in state court. (*Id* at 8). Valenzuela did not directly address that section of the R & R in his objection.

**DISCUSSION**

**I.     Legal Standards**

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). It "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

Generally, a federal court cannot grant relief on a claim that was not exhausted in the state courts. 28 U.S.C. § 2254(b). In Arizona, this means petitioners must present their post-conviction relief claims to the Arizona Court of Appeals. *See Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999) (per curiam). "[A] federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*,

132 S. Ct. 1309, 1316 (2012). A petitioner may overcome such a procedural default by showing "cause and prejudice" for the default "or, alternatively, a fundamental miscarriage of justice." *Beaty v. Stewart,* 303 F.3d 975, 987 (9th Cir. 2002). "Cause" may be shown in a number of ways, including ineffective assistance in post-conviction proceedings. *Martinez*, 132 S. Ct. at 1315.

**II.     Valenzuela's Guilty Plea Waived the Search and Seizure Claim**

Valenzuela claims the indictment was multiplicitous and his arrest and the search of his vehicle were unconstitutional. (Doc. 1 at 6-7). In his objection to the R & R, he argues a guilty plea does not affect his ability to challenge these allegedly unconstitutional features of his criminal proceeding. (Doc. 11 at 4). This is incorrect as a matter of law, at least as to the search and seizure claim. "[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized." *Haring v. Prosise*, 462 U.S. 306, 321 (1983). The search and seizure claims is therefore waived.

**III.    The Counts in the Indictment Were Not Multiplicitous**

As to multiplicity, the first issue is whether Valenzuela has waived the argument, as the R & R would hold. As the R & R notes, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This is because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett*, 411 U.S. at 267. However, the Supreme Court later clarified that "[a] guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." *Menna v. New York*, 423 U.S. 61, 63 n.2 (1975). Thus, "a plea of guilty to a charge does not waive a claim that judged on its face the charge is one which the State

may not constitutionally prosecute." *Id*. Multiplicity may be such a claim. However, because the multiplicity claim would fail on its merits (see below), the Court need not decide whether it is waived.

Another threshold question is whether multiplicitous counts in an indictment present a constitutional violation if the defendant is only convicted of one count. One authority believes "[i]t remains permissible to charge a single offense in several counts (although not to convict and punish on more than one for a single crime)." 1A C. Wright & A. Leipold, Federal Practice and Procedure § 142 (4th ed. 2016). This authority has rarely been cited for that proposition, however, and never by the Ninth Circuit or a district court therein, and its roots are in dicta from *United States v. Universal C. I. T. Credit Corp.*, 344 U.S. 218 (1952). There, the Court stated, "a draftsman of an indictment may charge crime in a variety of forms to avoid fatal variance of the evidence. He may cast the indictment in several counts whether the body of facts upon which the indictment is based gives rise to only one criminal offense or to more than one." *Id*. at 225. If this is correct, Valenzuela may very well have no multiplicity claim since he was only convicted of one count.

Even assuming Valenzuela has not waived his claim and that a multiplicitous indictment itself violates Valenzuela's constitutional rights, the claim fails. Valenzuela argues the two burglary counts were from a "single crime." (Doc. 1 at 6). However, the indictment lists under each of the two counts a unique residence and unique victims. (*Id*. at 14). It thus appears he was charged for two separate burglaries, and Valenzuela has not demonstrated otherwise. The multiplicity claim is therefore denied.

**IV. The Ineffective Assistance of Counsel Claims are Procedurally Defaulted**

Because Valenzuela does not object to the R & R's finding that his ineffective assistance of counsel ("IAC") claims are procedurally defaulted, the Court may summarily adopt the R & R on this issue. It does so as to the first and second IAC claims. However, one point of clarification is worth making as to the third claim. As noted, the R & R construed this claim – counsel refused to take the case to trial – as a claim of an

- 4 -

involuntary guilty plea. Although the R & R is not entirely clear on this point, the Court understands the R & R to have construed the claim this way because it implicitly concluded the IAC claims were procedurally defaulted, and so this analysis was in the alternative. To be clear, all three IAC claims are defaulted because they were dismissed by the Arizona Court of Appeals due to the untimeliness of his appeal. (Doc. 14 at 2). This Court's analysis from a prior habeas case applies:

> If Petitioner were to appeal [the denial of PCR relief] now, review would be precluded for untimeliness. *See* Ariz. R. Crim. P. 32.9(c) (petition for review of PCR determination must be filed within thirty days after the final decision of the trial court). If Petitioner were to raise any of the habeas claims through a [second] PCR, the PCR would be summarily dismissed for untimeliness. *See* Ariz. R. Crim. P. 32.4(a) (except for narrow exceptions, a PCR must be filed within ninety days of entry of judgment); *see also* Ariz. R. Crim. P. 32.1(d)-(h). Because Petitioner is prevented from exhausting his habeas claims by an independent and adequate state law ground, exhaustion is impossible and the claims are procedurally defaulted. *See Smith v. Stewart,* 241 F.3d 1191, 1995 n.2 (9th Cir. 2001) (Rule 32 procedural bar is "regularly followed" and thus adequate), *rev'd on other grounds by Stewart v. Smith,* 536 U.S. 856, 122 S. Ct. 2578, 153 L.Ed.2d 762 (2002).

*Pickens v. Schriro*, No. CV-08-1087-PHX-ROS, 2009 WL 2870219, at *3 (D. Ariz. Sept. 3, 2009). With this understanding, the Court adopts the R & R's analysis of the IAC claims.

## V.     The Procedural Default Exceptions Do Not Apply

Valenzuela argues in his objection that failing to review his claims on the merits would result in a fundamental miscarriage of justice. (Doc. 11 at 1). Because *pro se* filings must be "liberally construed," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the Court will proceed as though Valenzuela also invoked the "cause and prejudice" exception, including the *Martinez* avenue of ineffective assistance in post-conviction proceedings.

To show a fundamental miscarriage of justice, Valenzuela must show "a

constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Valenzuela has not claimed he was innocent of the burglary. The cause and prejudice exception depends upon Valenzuela showing "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule" on appealing PCR rulings. *Id*. at 488. He has not so much as alleged any external factor, including ineffective assistance in the post-conviction proceedings.

Accordingly,

**IT IS ORDERED** the Magistrate Judge's Report and Recommendation (Doc. 9) is **ADOPTED**.

**IT IS FURTHER ORDERED** Petitioner's Application for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall close this case.

Dated this 3rd day of October, 2016.

                                        Honorable Roslyn O. Silver
                                        Senior United States District Judge